## THE METTACOMET.

### (Circuit Court of Appeals, First Circuit. May 12, 1916.)

### No. 1180.

SEAMEN ☞27—WAGES—MEMBERS OF FISHING CREW.

Extra wages due a cook on a fishing vessel, where all hands ship on the lay, but the cook is to receive an extra per diem, are a charge against the catch; but, in the absence of a special agreement otherwise, the vessel is not liable where there is no catch.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 4, 141, 157–169; Dec. Dig. ☞27.]

Appeal from the District Court of the United States for the District of Massachusetts; Jas. M. Morton, Jr., Judge.

Suit in admiralty by R. H. Holmes against the schooner Mettacomet. Decree for respondent, and libelant appeals. Affirmed.

For opinion below, see 230 Fed. 308.

John R. Lazenby and Reginald Heber Smith, both of Boston, Mass., for appellant.

J. M. Marshall, of Gloucester, Mass., for appellee.

Before PUTNAM and DODGE, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is a libel for wages of a cook, instituted by Holmes, who shipped as cook aboard the schooner Mettacomet, at the port of Gloucester, for a shore blue-fishing voyage, on the coast of North Carolina, in the winter season. As usual, there were no shipping papers, and only a parol arrangement with the captain of the vessel by which the libelant was to receive a share with the other members of the crew, and, in addition thereto, a sum of $1 per day for each day.

According to the record, there was no agreement that Holmes was to be paid anything except out of the catch. This was in accordance with the well-known customs of the port of Gloucester, by virtue of which the pay of the crew and cook was classed to be paid from the catch of the voyage. There was no catch which would constitute shares of the voyage; so that in the District Court the libel was dismissed, and Holmes appealed to us. It follows clearly enough that we must affirm the decree of the District Court, and really the only questions are about costs.

It has not been the custom to impose costs on libelants in cases of this class, as such libelants are regarded for purposes of this kind of litigation as wards of the court, and the imposition of costs would ordinarily result in nothing but imprisonment. Dunlap's Admiralty Practice, p. 110, and elsewhere. Nevertheless, as this appeal was promoted by a charitable society duly incorporated and known as the Boston Legal Aid Society, in subsequent cases of this kind, it should protect itself in some way against costs by proceeding in forma pauperis.

The decree of the District Court is affirmed, without costs of appeal.